**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:21-CR-246- |
| § | ALM-CAN |
| ADRIAN ELIAS VIDALES (1) § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Adrian Elias Vidales's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 7, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Marisa Miller.

Defendant was sentenced on July 10, 2017, before The Honorable Steven P. Logan of the District of Arizona after pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 24 and a criminal history category of I, was 51 to 63 months. Pursuant to a binding plea agreement for departure, he was subsequently sentenced to 24 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment; search and seizure; financial disclosure; you are prohibited from making major purchases over $500 incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer; community service requirement if unemployed; alcohol abstinence; and a $100 special assessment. On March 29,

REPORT AND RECOMMENDATION – Page 1

2019, he completed his period of imprisonment and began service of the supervision term. Jurisdiction of this case was transferred on August 18, 2021, and the case was reassigned to The Honorable Amos L. Mazzant, III, U.S. District Judge for the Eastern District of Texas.

On January 31, 2022, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 8, Sealed]. The Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers); (3) You must not unlawfully possess a controlled substance. The use or possession of marijuana even with a physician's certification, is not permitted; (4) You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted; (5) You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse; (6) You must not commit another federal, state or local crime; and (7) You must not unlawfully possess a controlled substance. The use or possession of marijuana even with a physician's certification, is not permitted [Dkt. 8 at 1-4, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) On May 23, 2021, Defendant was arrested for the offense of Unlawful Possession Firearm by a Felon by the Lewisville, Texas Police Department. He was booked into custody on May 24, 2021. He was released on a $10,000 bond on this same date. No formal charges have been filed and this matter remains pending in Denton County, Texas. According to the offense report, Defendant was stopped because he was traveling, on the freeway, at a high rate of speed. He told the officer he

was headed home to Denton, Texas. However, he was traveling in the wrong direction for "home." He informed the officer he needed to stop in Dallas, Texas before he went home. He appeared nervous and ultimately revealed he had a "G" of marijuana and a loaded handgun in the vehicle. A search was conducted and a loaded Taurus 9mm handgun and a gram of marijuana were found. The gun was found under the driver seat of the vehicle. According to an email sent by the arresting officer, the officer also located $3,700 in cash. Defendant stated he sold some car wheels and had $2,300. In addition to this, the backpack had marijuana residue at the bottom of it; (3) Defendant was in possession of marijuana as evidenced by his admission of such, and the discovery of it during the arrest on May 23, 2021; (4) Defendant submitted a positive urine specimen for marijuana during a scheduled office visit on May 25, 2021. He verbally admitted to said use and it was confirmed by Alere Toxicology Services, Inc. (Alere). Defendant submitted a positive urine specimen for marijuana on July 2 and July 6, 2021. These specimens were confirmed by Alere and they interpreted there was new use between the specimens. During a scheduled home visit on September 21, 2021, he submitted a positive urine specimen for cocaine and marijuana. He verbally admitted to said use and it was forwarded to Alere for confirmation testing; (5) On or about July 5, 2021, Defendant was instructed to call a random drug testing notification line daily, and report as instructed to submit a urine specimen for testing. Defendant failed to submit a random urine specimen at McCary Counseling Services, Denton, Texas on August 16, and September 13, 2021, as instructed; (6) On November 1, 2021, Defendant was arrested by the Denton, Texas Police Department for the offenses of Possession Marijuana >5LBS<=50LBS and Manufacture Deliver Controlled Substance PG 2 or 2-A >=4G<400G. He was also arrested on the active supervised release warrant. No formal charges have been filed and he remains in custody in Denton County, Texas. According to the offense report, Denton police officers were aware there was an active

warrant for Defendant and pursued serving it. While conducting surveillance, they observed his vehicle and a male they believed was Defendant. Officers proceeded to attempt to contact him by knocking on the door, announcing their presence, and demanding someone open the door. It was apparent someone was at the front door but did not open it, and a commotion was heard in the garage. Officers decided to force open the door because they had knowledge of the active warrant, and nobody was opening the door. Defendant was in the home and placed under arrest. Officers conducted a protective sweep of the residence to account for any other individuals in the home and for safety purposes. They detected a strong odor of marijuana and observed two small plastic bags of marijuana in plain view as well as a digital scale. Also, a cooler was observed, and Defendant admitted the cooler contained a significant amount of marijuana. Officers then applied for a search warrant of the residence, for the evidence of illegal drugs, and it was authorized. Officers found ten plastic bags of marijuana weighing approximately one pound each. In total, 11.24 pounds of marijuana was seized. Also, a box of cartridges containing THC was found on a shelf in Defendant's bedroom. In total, 34 cartridges (34 grams) of flavored THC cartridges were found. Additionally, $28,868 in US currency was found in his bedroom. While being booked, Defendant verbally admitted to possessing all the marijuana and THC cartridges. He also verbally admitted the currency was proceeds of selling marijuana. Based on the number of THC cartridges, his admission of selling marijuana, and the admission of the money seized being a result of selling marijuana, it was believed he was possessing the THC cartridges with an intent to sell or deliver them to another; and (7) Defendant was in possession of marijuana as evidenced by the arrest on November 1, 2021. Also, Defendant verbally admitted to possessing the marijuana [Dkt. 8 at 1-4, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 4 and 5 of the Petition. The Government dismissed allegations 1 through 3, 6 and 7 of the Petition. Having considered the Petition and the plea of true to allegations 4 and 5, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 21; 22].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of fifteen (15) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 21st day of March, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE